**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RONALD LOPEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT HOREL, et al.,<br><br>　　　　Respondents. | No. CV 06-2681-VBF (PLA)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S MERITS REPORT AND RECOMMENDATION** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Merits Report and Recommendation and petitioner's objections thereto. The Court agrees with the Recommendations of the Magistrate Judge, with the following modifications:

　　　　With respect to Ground Five, in which petitioner alleges a due process violation by virtue of a suggestive pretrial photographic identification procedure, the Court notes the following: in the Petition, petitioner points out that the photographic six-pack lineup indicates that the suspect identified in the lineup was named "David Lopez." (See Petition, Appendix at 9). The Court observes that the "Mug Show Up Advice Form" (see Petition, Appendix at 73), reflects that the witness, David Rivera, identified the photograph of the individual in position number 5 as the suspect. Near the bottom of the form the following is handwritten: "Susp: Lopez, David".

　　　　The Court finds that this reference to "Lopez, David" does not change the analysis of petitioner's due process claim. First, it is not apparent when the handwritten notation was added

to the form, i.e., it is unclear whether the notation was made immediately following the witness's identification or if it was added at a later time by an individual who was not present at the identification procedure. In any event, the trial transcript unequivocally reflects that the witness identified petitioner as the suspect, and not another individual. (See Reporter's Transcript at 368-73). Accordingly, it appears that the handwritten reference to "Lopez, David" was made in error.

The Court has also considered petitioner's request for an evidentiary hearing. Petitioner is entitled to a federal evidentiary hearing if (1) he alleged facts that, if proven, would warrant habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts in a state court. Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004). Here, the Court finds that petitioner has not alleged facts that warrant a hearing, and that no issues of credibility need be determined in the consideration of his claims. Accordingly, petitioner's request for an evidentiary hearing is **denied**.

THEREFORE, IT IS ORDERED:

1. The Merits Report and Recommendation is adopted, as modified with respect to Ground Five.

2. Judgment shall be entered consistent with this order.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: September 30, 2008

_____
HONORABLE VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

2